NO. 07-01-0319-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 26, 2001



______________________________




SHEIRAN PUDIFIN, APPELLANT



V.



RUSSELL GINN, APPELLEE




_________________________________



FROM THE 246TH DISTRICT COURT OF HARRIS COUNTY;



NO. 200114524; HONORABLE DON RITTER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Sheiran Pudifin appeals pro se from a protective order entered against
her at the request of appellee Russell Ginn, her former spouse. For the reasons we
express, we dismiss the appeal.

 The clerk's record and reporter's records were filed on August 6, 2001. That being
so, appellant's brief was due to be filed no later than September 5, 2001. Tex. R. App. P.
38.6(a). No such brief was ever filed. We notified appellant by letter dated October 25,
2001, that neither a brief nor a motion for extension of time to file a brief had been filed,
and unless a response reasonably explaining the failure, together with a showing that
appellee had not been significantly injured due to such failure was received by November
6, 2001, the appeal would be dismissed for want of jurisdiction. Tex. R. App. P. 38.8(a)(1). 
We have received no response to that letter.

 Accordingly, the appeal must be and hereby is dismissed. 


 John T. Boyd

 Chief Justice


Do not publish.



g the benefits of
chapter 64 because 1) without a record, he cannot provide the specific facts required to
show his entitlement to the relief he requests, and 2) he could be subject to liability for
submitting an affidavit based on his potentially erroneous memory of events that occurred
over 20 years earlier. The State has filed a reply brief.

 Our first obligation is to determine if we have jurisdiction to hear this appeal. Article
64.05 provides for an appeal from a finding under articles 64.03 (order for testing) and
64.04 (finding as to whether the results of testing were favorable) to a court of appeals,
unless the conviction was for a capital offense, in which case the appeal is to the Court of
Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp. 2002); see also
Kutzner v. State, No. 74,135, slip op., 2002 WL 532423 (Tex.Crim.App. April 10, 2002)
(discussing appellate rights under Chapter 64). This statute provides that a denial of an
order to have DNA tested or a finding that the results were not favorable is appealable. 
See Tex. R. App. P. 25.2(b)(2) (on perfecting appeal from a judgment "or other appealable
order"). The order from which appellant seeks to appeal is not within the scope of article
64.05 and is, therefore, interlocutory. Thus, appellant can only present this complaint in
the context of an appeal from the denial of a motion for DNA testing or an appeal from the
finding as to the results of a DNA test.

 Without expressing any opinion on the merits of appellant's complaint, we find we
have no jurisdiction at this time. Thus, we must, and do, dismiss this appeal for lack of
jurisdiction.

 John T. Boyd

 Chief Justice

 

Publish.